### Ex Parte STERNES.*

### No. 20,480; July 25, 1889.

#### 21 Pac. 1132.

**Habeas Corpus—Hearing in Supreme Court.**—Petitioner was arrested on the charge of kidnaping, and examined, and committed by the justice. He applied to the supreme court to be released on habeas corpus, pending the decision of which an information was filed against him for the same offense for which he had been committed.

*For opinion in bank, see 82 Cal. 245, 23 Pac. 40.

On the hearing of the habeas corpus before the court in bank (five justices present), evidence offered to show that the commitment was ordered by the justice on no other evidence than that petitioner had arrested a person by virtue of a warrant, and that, therefore, the commitment was "without reasonable or probable cause," was excluded (four justices concurring), on the ground that the filing of the information was conclusive as to probable cause. The case was subsequently submitted on briefs, but when it was taken up for decision it was found that, on account of the retirement of the chief justice, "the concurrence of four justices present at the hearing," required by the constitution of California, article 6, section 2, could not be had, and a rehearing was ordered, and the case resubmitted upon the original briefs. Held, that the ruling excluding the evidence was a final disposition of the question involved, and that petitioner must be remanded.

Habeas corpus.

Charles W. Kitts and A. L. Hart for petitioner; W. D. Long, district attorney (C. W. Cross of counsel), for respondent.

BEATTY, C. J.—This is a proceeding upon habeas corpus. It appears from the petition upon which the order for the issuance of the writ was based that in April, 1888, the petitioner, George H. Sternes, was deputy sheriff of Yuba county; that a warrant for the arrest of one Ah Fong, issued by the superior court of said county, was placed in his hands for service; and that he executed the writ by arresting Ah Fong in Nevada county, and bringing him before the superior court of Yuba county, at Marysville. It is further alleged in the petition that said Ah Fong thereafter procured a warrant to be issued by a justice of the peace in Nevada county, commanding the arrest of petitioner on a charge of kidnaping, and that, being arrested upon such warrant and taken before said justice of the peace, petitioner had an examination, and upon proof of said arrest of Ah Fong under said warrant issued by the superior court of Yuba county, and the delivery of the body of Ah Fong to said court in Marysville, and without other proof of the commission of any offense, said justice made an order holding the petitioner to answer upon said charge of kidnaping, and thereupon committed him to the custody of George Lord, sheriff of Nevada county. This petition was filed September 26, 1888, and on the same day the late chief justice

made an order directing the issuance of the writ of habeas corpus as prayed, returnable before this court on the twenty-second day of October following, and ordered that pending the hearing the petitioner be admitted to bail. On the 22d of October the respondent, Lord, filed his return, showing that the petitioner had been in his custody, and had been confined by him in the county jail of Nevada county, under and by virtue of a commitment for kidnaping, a copy of which is annexed to the return; that after service of the writ of habeas corpus he had discharged the petitioner on bail; and that subsequent thereto, on October 18, 1888, an information had been filed by the district attorney of Nevada county, accusing petitioner of said crime of kidnaping. The court, sitting in bank, five justices present, including the late chief justice, thereupon proceeded with the hearing. It appears from the notes of our official reporter, and statements of members of the court, that counsel for petitioner offered in evidence certified copies of the depositions taken at the examination of petitioner by the committing magistrate, for the purpose of establishing the ground upon which he claimed that his imprisonment was unlawful, viz., that he had been "committed on a criminal charge without reasonable or probable cause": Pen. Code, sec. 1487, subd. 7. To the introduction of this testimony respondent's counsel objected upon the ground that the filing of the information by the district attorney put an end to all inquiry in this proceeding as to the existence of reasonable or probable cause for holding the petitioner to answer. Four of the justices present at the hearing, including the late chief justice, concurred in sustaining this objection. Justice Paterson did not concur in the ruling. But under the decision of the four other justices the testimony was excluded. None of these occurrences at the time of the hearing have been made matter of record, the minutes of the clerk merely showing that the cause was orally argued by counsel for petitioner and for respondent, and submitted upon briefs to be filed. In the printed briefs subsequently filed counsel for petitioner elaborately argue the proposition that if a person has been held to answer on a criminal charge, without reasonable or probable cause, he has an undoubted right to be discharged upon habeas corpus, and that his right to be so discharged cannot be impaired by the subsequent filing of

an information by the district attorney, and more especially where the information is filed after the issuance and service of the writ of habeas corpus. Counsel for respondent in their brief completely ignore the argument made on behalf of petitioner, and rest entirely upon the claim that the whole question was decided and finally disposed of at the hearing. When, however, after the final submission of the cause, it was taken up for decision, it was found that, on account of the retirement of the late chief justice, "the concurrence of the four justices present at the hearing," which is made by the constitution (article 6, section 2) essential to a judgment of this court in bank, could not be obtained, and it became necessary to set aside the previous order of submission and to direct a rehearing. This having been done, counsel have again submitted the case upon the briefs already filed.

From the foregoing statement it will appear that the condition of the cause is decidedly anomalous. It is an original proceeding in this court, and evidence is necessary in support of the allegations of the petition in order to make out the ground upon which the petitioner claims his discharge. The only evidence offered for that purpose at the hearing was by the ruling of a competent number of the sitting justices excluded from consideration. This order did not need to be in writing, like the determination of a cause (Const., art. 6, sec. 2), and seems to have been a final disposition of the question involved. At all events, the case was submitted at the time and has been resubmitted without the evidence upon which alone—conceding the correctness of the proposition so ably argued by his counsel—we could order the petitioner's discharge. For this reason, therefore, and without deciding any other question presented by the record, we feel constrained to remand the prisoner. It is so ordered.

We concur: Works, J.; Sharpstein, J.; Paterson, J.; Fox, J.